UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:                                    )
                                          )
AMBERSON CONSTRUCTION, INC.               )   Case No. 05-06493-TOM-7
                                          )
             Debtor.                      )


## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a Motion for Relief from Stay filed by W. Gary McCord and Deborah Ann McCord on July 28, 2005. Appearing at the final hearing[1] on September 29, 2005, were Andre' M. Toffel for Amberson Construction, Inc. (hereafter "Debtor"), William H. Mills for W. Gary McCord and Deborah Ann McCord (hereafter "Movants") and William Dennis Schilling for James G. Henderson, the Chapter 7 trustee. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) (1994) and the district court's General Order of Reference dated July 16, 1984, as amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(G).[3] The Court in this matter must decide

---

[1] This hearing was previously set and continued after this Court advised Movants' Counsel that he had the burden of proof in a Chapter 7 to demonstrate "cause" for the stay to be lifted.

[2] The General Order of Reference dated July 16, 1984, as amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides: The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges of this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. § 157(b)(2)(G) provides:
(b)(2) Core proceedings include, but are not limited to--
(G) motions to terminate, annul, or modify the automatic stay[.]

whether Movants, W. Gary McCord and Deborah Ann McCord, should be granted relief from the automatic stay. This Court has considered the pleadings, the arguments of counsel, the evidence, and the law, and finds and concludes as follows.[4]

## I. FINDINGS OF FACT[5]

Amberson Construction, Inc. filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 8, 2005. Proc. No. 1. The case was filed as a "no asset" case; thus the Notice of Chapter 7 Bankruptcy Case, Meetings of Creditors, & Deadlines instructed creditors not to file claims without further notice. Proc. Nos. 8 through 10. On July 28, 2005, the Movants[6] filed a Motion for Relief from the Automatic Stay through their attorney, William H. Mills. Proc. No. 15. Prior to the filing of this bankruptcy case, Movants filed a lawsuit in the Circuit Court of Shelby County, Alabama against the Debtor and other defendants. Movants allege that the primary claims asserted against Debtor in the state court case are "tort claims for fraud and misrepresentation by the Debtor" and Movants seek relief from stay to proceed in state court against the Debtor.

The Debtor's Schedule F lists the Movants as an unsecured nonpriority claim that is indicated as contingent and disputed. Proc. No. 14. The lawsuit is not acknowledged anywhere else in the schedules. At the hearing on the Motion for Relief from Stay held on September 29, no

---

[4] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters in bankruptcy pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

[5] No party offered any testimony; these facts are from the pleadings and schedules and from undisputed information and statements by counsel at the hearing.

[6] Pursuant to a Suggestion of Death and Motion for Substitution filed September 19, 2005, Jay Bradley McCord and Walter Mitchell McCord, as the Personal Representatives of the Estate of Walter Gary McCord, are now parties to this case along with Deborah Ann McCord ("Movants"). See Proc. No. 29.

2

witnesses were called to testify and Mr. Mills (hereafter "Counsel") did not articulate his specific basis for relief from the automatic stay pursuant to § 362. Counsel contended that pursuant to 28 U.S.C. § 1334(c), this Court should abstain from exercising jurisdiction over the state court case. Counsel further argued that relief should be granted for Movants' to proceed with the state court action because the debts allegedly owed by Debtor to Movants were the result of fraud and would not be dischargeable in bankruptcy. Trustee's counsel opposed the motion, asserting that if the stay motion were granted, the bankruptcy estate would incur costs and attorney's fees because the trustee would have to defend in the state court. Further, the trustee's attorney suggested any potential liability could be asserted through a proof of claim in this Court.

## II. CONCLUSIONS OF LAW

The filing of a petition for relief under any chapter of the Bankruptcy Code operates as a stay of certain actions. 11 U.S.C. § 362(a). Typically, the actions stayed are actions by creditors to recover from the debtor, property of the debtor, or property of the estate for a debt that arose prior to the petition date. Also stayed is the continuation of judicial proceedings against the debtor that were commenced before the bankruptcy filing. 11 U.S.C. § 362(a)(1). A party in interest may obtain relief from this automatic stay under the provisions of 11 U.S.C. § 362(d). Subsection (1) of § 362(d) provides that the court shall grant relief from the stay upon a showing of "cause" including (but not limited to) the lack of adequate protection of an interest in property. Subsection (2) of § 362(d) provides that the court shall grant relief from the stay of an act against property of the debtor or of the estate if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. Subsection (3) of § 362(d) applies only in single asset commercial real estate cases and, therefore, is not applicable to this case.

3

The movant must carry the initial burden of establishing a prima facie case for relief before the debtor is required to go forward with his proof. Sonnax Industries, Inc., v. Tri Componetry Products Corp. (In re Sonnax Industries, Inc.), 907 F.2d 1280 (2nd Cir. 1990); see In re Paxson Electric Co., 242 B.R. 67, 70 (Bankr. M.D. Fla. 1999)[7]. The movant also has the ultimate burden of proof on the issue of the debtor's equity in the property. 11 U.S.C. §362(g)(1). The debtor has the burden of proof on all other issues. 11 U.S.C. § 362(g)(2).

### A. Relief from Stay under 11 U.S.C. § 362(d)(2)

By its language, § 362(d)(2) allows a court to grant relief from the stay provided under § 362(a) "with respect to a stay of an act against property." 11 U.S.C. § 362(d)(2). Acts against property contemplated by this section include attempts to foreclose upon real property or repossess an automobile. Because Movants' pending actions are against the Debtor and seek a money judgment, and not against property, § 362(d)(2) does not apply to this case.

### B. Relief from Stay under 11 U.S.C. § 362(d)(1)

According to 11 U.S.C. § 362(d)(1), the court shall grant relief from the stay upon a showing of "cause" including the lack of adequate protection of movants' interest in property. Cause to lift the stay may also be found "when necessary to permit litigation to be concluded in another forum, particularly if the nonbankruptcy suit involved multiple parties or is ready for trial." 3 Collier on Bankruptcy ¶ 362.07[3] at 362-84 (Alan N. Resnick, et al., eds., 15th ed. rev. 2002). See also In re Cummings, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998). There are numerous factors a bankruptcy court may consider when determining whether or not "cause" exists for the stay to be lifted. See In re Cummings 221 B.R. at 818. These include:

---

[7] Citing In re Cummings, 221 B.R. 814, 819 (Bankr. N.D. Ala. 1998).

4

> 1) trial readiness in the non-bankruptcy forum; 2) judicial economy; 3) the resolution of preliminary bankruptcy issues; 4) costs of defense or other potential burden to the debtor or the bankruptcy estate; 5) the creditor's chances of success on the merits; 6) specialized expertise of the non-bankruptcy forum; 7) whether the damages or claims that may result from the non-bankruptcy proceeding may be subject to equitable subordination under Section 510(c); 8) the extent to which trial of the case in state court will interfere with the progress of the bankruptcy case; 9) the anticipated impact on the movant, or other non-debtors, if the stay is not lifted; and, 10) the presence of third parties over which the bankruptcy court lacks jurisdiction.

Id. The Court will consider only judicial economy and the costs associated with the litigation because based on the facts in this case that is all that is required.

Judicial economy seeks to avoid unnecessary litigation and requires that all disputes be tried in one forum if possible. Id. at 821. Counsel for Movants argues that the case is based solely upon state law and that jurisdiction is proper in state court. Movants' arguments fail for several reasons. If the Movants seek to determine the dischargeability of the Debtor's obligation, the bankruptcy court has exclusive jurisdiction on this issue.[8] It is unclear to this Court why Movants believe or argue that they need such a determination. Since the Debtor in this case is a corporation, no discharge will be entered.[9] To allow Movants an opportunity to litigate in state court regarding dischargeability would be inappropriate because that court lacks jurisdiction and it would be a nullity in any court because there will be no discharge for Debtor. Additionally, one main purpose for filing bankruptcy is often to stop litigation and the costs associated with it. Furthermore, it appears that Movants failed to consider that this is a no asset Chapter 7 case. Any litigation to liquidate Movants' claim would be a waste of the state court's and this Court's time, because if the

---

[8] See 28 U.S.C. § 1334(b) (Bankruptcy court has exclusive jurisdiction over all civil proceedings arising under title 11).

[9] 11 U.S.C. § 727.

5

Movants obtained a judgment against the Debtor, the bankruptcy estate at this time has no assets from which to satisfy the judgment.

In addition, the costs associated with pursuing the litigation of this claim either in state court or this Court are potentially substantial, wasteful and to no-end. "The costs to the debtor[] of defending the state court action will be substantially more if the stay is lifted, than if the stay is not lifted..." Id. The Trustee's attorney strongly opposed a lift from stay in this no asset case, because it would force the bankruptcy estate to incur the costs of defending a suit in state court in addition to the costs of managing the estate in this Court. Even if assets become available, the Movants have brought forward no evidence to prove "that the state court is any more ready than this Court to receive evidence and to adjudicate the issues presented." In re Paxson Electric Co., 242 B.R. 67, 70 (Bankr. N.D. Ala. 1999). In keeping with the principles of judicial economy, there is no reason at this point to pursue litigation in either court, for to do so would be a nullity.

Although Counsel urged that the litigation needed to proceed in state court, he did not establish any grounds under § 362(d) as to why relief from stay should be granted or why the litigation should proceed. The Movants bore the burden of establishing "cause" and this burden was not met.[10] Therefore, the Debtor is due to receive the protection of the automatic stay which it sought by filing this petition.

### III. CONCLUSION

Based on these findings and conclusions, this Court finds that the Movants' motion is due

---

[10] Counsel encouraged this Court to apply the analogy in In re Marvin Johnson's Auto Service, Inc. 192 B.R. 1008 (N.D. Ala. 1996). However, it is distinguishable from this case, because it involved a Chapter 11 reorganization (creditors are likely to recover some of their debt) debtor as opposed to the Chapter 7 (currently a no-asset liquidation which will have no funds to distribute).

6

to be denied. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion for Relief from Automatic Stay filed by W. Gary McCord and Deborah Ann McCord is **DENIED**.

Dated this the 4th day of November, 2005.

/s/ **Tamara O. Mitchell**
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM:eaj

xc: Andre' M. Toffel, Attorney for Debtor
William H. Mills, Attorney for Movants
William Dennis Schilling, Attorney for James G. Henderson